UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-104-KKC

KIMBERLY L. ADAMS,                                                                             PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT
              AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                           DEFENDANT.

## I. INTRODUCTION

Plaintiff, Kimberly L. Adams [Adams], brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for Disability Insurance Benefits (hereinafter "DIB") and Supplemental Security Income (hereinafter "SSI"). This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that Plaintiff's Motion for Summary Judgment [R. 10] be denied, Defendant Commissioner's Motion for Summary Judgment [R. 12] be granted, and Judgment be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND

Plaintiff filed her application for DIB and SSI on April 21, 2005. [Tr. 15.] The claim was

denied initially and on reconsideration. [Id.] At Plaintiff's request, an administrative hearing, presided over by Administrative Law Judge Charles J. Arnold [ALJ], was conducted via video teleconference on July 19, 2006. [Id.] Plaintiff, accompanied by counsel, testified at the hearing. [Id.] On August 10, 2006, the ALJ found Plaintiff not disabled and denied her benefits. [Id.] The Appeals Council declined, on April 14, 2007, to review the ALJ's decision [Tr. 6] and Plaintiff now seeks judicial review.

Plaintiff was 45 at the time of the administrative hearing. [Tr. 20.] She has a high school education and previously had worked in the grocery business, most recently as a scanning coordination assistant manager. [Tr. 17.] In her application, she alleges onset of disability on October 27, 2004, due to osteoarthritis, depression, hypothyroidism, sarcoidosis and headaches. [Tr. 298.]

Plaintiff began treating for complaints of back pain, headaches and depression, in 2003. [Tr. 17-18.] From October 2003 until September 2005, treatment notes show that Alisia Cook, ARNP, prescribed Paxil to treat Adams for night sweats, fatigue and mood swings. [Tr. 210-22.] While Plaintiff was prescribed several other medications during this time, doctors were able to treat her depression through medication. [Tr. 18-19.] Adams was also evaluated by Dr. Edwards, who found her to be of average intelligence with a Global Assessment of Functioning ("GAF") between 70 and 75. [Id.] At worst, a GAF of 70 indicates only mild symptoms and that the Plaintiff is "generally functioning pretty well." [R. 12, Exh. 2.]

In February 2004, Plaintiff was seen for complaints of chest pain. An ECG test was normal. [Tr. 168-69.] Also at that time, a CT scan of Plaintiff's head was performed in response to complaints of headaches. This test showed minimal mucosal thickening in the sinuses and no other

abnormalities in the head. [Tr. 170.] After more complaints of headaches in 2005, an MRI scan was performed, revealing no evidence of sarcoid. [Tr. 210.] Tests performed in 2005 by Dr. Gutti revealed mild neuritis and an unremarkable mental status exam. [Tr. 259-63.] X-rays taken by Dr. Baker reveal arthritis in the spine and degenerative disc disease. [Tr. 251-58.]

In determining whether a claimant is disabled, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920. This process was summarized by the Sixth Circuit Court of Appeals in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

336 F.3d at 474 (internal citations omitted).

At the first step of the sequential evaluation process in the instant case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. [Tr. 17.] At the second step, the ALJ found that Plaintiff's medically determinable impairments, spinal arthritis, lumbar degenerative disc disease, headaches and neuritis, were severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921. [Id.] At the third step, the ALJ found that the Plaintiff's medically determinable impairments did not meet the criteria in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 19.] At the fourth step, the ALJ found that, given the Plaintiff's residual functional capacity (hereinafter "RFC"), she was unable

3

to perform her past relevant work. [Tr. 20.] See 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). At the fifth and final step, the ALJ found that the Plaintiff had the residual functional capacity to perform the full range of light work. [Id.] [Tr. 23.] See 20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), 416.966.

An RFC evaluation is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567, *20 (6th Cir. Dec. 1, 2004). In this case, the ALJ found that the Plaintiff's RFC was such that she could perform the full range of light and sedentary work. [Tr. 20.] Light Work, under the regulations, involves the following:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 14, 2007. [Tr. 6.] Plaintiff thereafter filed this action and the parties' motions for summary judgment [Record Nos. 10 & 12] are now ripe for review.

III. ANALYSIS

  A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion" and is based on the record as a whole, taking into account what evidence fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

  Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).

The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

### B. Substantial Evidence

Plaintiff's sole argument on appeal is that the ALJ's opinion is not supported by substantial evidence. [R. 11.] Specifically, Adams alleges that the ALJ erred in finding that she did not have a severe mental impairment and that her RFC showed her ability to perform a full range of light work. However, as stated below, the ALJ's finding that the Plaintiff is capable of performing the full range of light and sedentary work is supported by substantial evidence.

Plaintiff alleges a severe mental impairment, but the record indicates otherwise. While several antidepressants were prescribed during 2004 and 2005, Plaintiff informed her doctor in May 2005 that the drug Cymbalta was addressing her problem well. [Tr. 245-52.] She was also effectively treated for depression and post-traumatic stress. [Tr. 216-21, 241-42, 285-88.] Finally, an evaluation by Dr. Edwards indicated she suffered from, at best, mild symptoms related to any mental impairment and had a GAF score of between 70 and 75, indicating only mild symptoms that do not persist. [Tr. 183-84, R. 12, Exh. 1.] Plaintiff provides no expert evaluations or objective medical evidence to support her claim of mental impairments so debilitating that she is rendered incapable of performing sedentary or light work.

The Commissioner is correct in noting that the Plaintiff has provided no medical source statement of mental or physical disability. [R. 12, at 8.] While Plaintiff complains of back pain, headaches, thyroid problems and an arthritic condition, objective medical evidence indicates either mild impairments or none at all. A CT scan of Plaintiff's sinuses in 2004 revealed only minimal thickening and a CT scan of her head was normal. [Tr. 168-71.] Plaintiff has provided no evidence indicating her thyroid problems have not been adequately addressed. [Tr. 241-58.] Tests performed in 2005 indicated mild degenerative disc disease, but no disc bulge or herniation. [Tr. 247.] Also,

as noted by the Commissioner, while Dr. Gutti diagnosed Plaintiff with intractable headache in 2005, he also noted Adams had good motor strength in her upper and lower extremities and a normal gait. [Tr. 262.]

Additionally, Plaintiff's reported activities in daily life do not support a finding of disability. Plaintiff stated that she cares for her child, prepares food, cleans and performs other routine household chores. She also indicates that she handles household finances, travels independently and interacts frequently with others. [Tr. 126-34, 137-38, 139-46, 183.]

The ALJ's conclusion that Adams is capable of performing the full range of light and sedentary work is supported by substantial evidence. Given this finding, coupled with the fact that the Plaintiff has a high school education and is categorized as a younger individual, the regulations require a finding of not disabled. 20 C.F.R., Part 404, Subpt. P, App. 2, Table No. 2, Rule 202.20; *See also* Heckler v. Campbell, 461 U.S. 458 (1983), Atterberry v. Sec'y of Health and Human Servs., 871 F.2d 567, 570-72 (6th Cir. 1989).

## IV.  CONCLUSION

Therefore, for the reasons set forth above, it is recommended that: Defendant Commissioner's Motion for Summary Judgment [R. 12] be granted; Plaintiff's Motion for Summary Judgment [R. 10] be denied; Judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice; and, that this action be stricken from the Court's docket.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750

(E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed February 11, 2008.



Signed By:
*Edward B. Atkins* *EBA*
**United States Magistrate Judge**